UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HECTOR RUIZ, on behalf of himself, individually, and
all similarly situated employees,

                        Plaintiff,

              -against-

NATIONWIDE COURT SERVICES, INC.,
and ARLENE NELSON, individually,

                      Defendants.
------------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

*Jury Trial Demanded*

      Plaintiff, HECTOR RUIZ, on behalf of himself, individually, and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, NATIONWIDE COURT SERVICES, INC. and ARLENE NELSON, individually (collectively as "Defendants"), allege as follows:

## NATURE OF THE CLAIM

      1.      This action is brought on behalf of Plaintiff and a putative class and collective of individuals who performed services as process servers for Defendants to recover unpaid minimum wage and overtime compensation pursuant to federal and state statutes, as well as damages for violations of New York law.

      2.      Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142 ("NYLL"), to recover unpaid minimum wages under the NYLL, for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), for failure to provide a wage notice upon his hire under NYLL § 195(1), for failure to issue timely payment of wages pursuant

1

to NYLL § 191, for unlawful deductions to Plaintiff's earned wages in violation of NYLL § 193, and for retaliation under the FLSA and NYLL.

3. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

4. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

7. Plaintiff HECTOR RUIZ ("Ruiz") is a resident of the County of New York, State of New York.

8. At all times relevant times, Plaintiff Ruiz was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

9. Defendant NATIONWIDE COURT SERVICES, INC. ("Nationwide") is a domestic business corporation with offices at 761 Koehler Avenue, Suite A, Ronkonkoma, New York 11779 and at 20 Vesey Street, New York, New York 10007.

10. At all relevant times, Nationwide was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of public highways and office supplies, pens, paper, envelopes, gasoline, and telephones, all of which undoubtably traveled in interstate commerce.

11. At all times relevant, Defendant ARLENE NELSON, was active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and delegation of assignments, discipline of Plaintiff, had the power to hire and fire employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## **FACTS**

12. Defendants are a company and its owner that provide a variety of services to the legal industry, including service of process throughout Manhattan, Brooklyn, Queens, Staten Island, the Bronx, Nassau County, and Suffolk County, New York.

13. Defendants employed Plaintiff as a non-exempt clerical employee during the month of February 2017 and as a non-exempt process server from in or about March 2017 until in or about July 24, 2018.

14. Throughout his employment, Plaintiff held and maintained his license to perform service of process in the State and City of New York.

15. Throughout his employment, Plaintiff was responsible for effectuating service of process of complaints, subpoenas and other legal documents, completing affidavits of service describing the nature of the service of process achieved, and maintaining knowledge of the laws and regulations pertaining to service of process in New York.

16. From in or about March 2017 until February 2018, Defendants assigned Plaintiff to effectuate service of process primarily in Brooklyn and Queens, New York.

17. Beginning in or about February 2018 until the end of his employment, Defendants assigned Plaintiff to effectuate service of process primarily in Queens, New York.

18. From in or about March 2017 through in or about December 2017, Plaintiff regularly worked six days per week on Monday through Saturday from approximately 8:00 a.m. until 11:00 p.m., without being afforded an uninterrupted meal break. Accordingly, Defendants regularly required Plaintiff to work, and Plaintiff did in fact work, ninety hours during each workweek during this time period.

19. From in or about December 2017 through in or about July 2018, Plaintiff regularly worked five to six days per week on Monday through Saturday from approximately 9:00 a.m. until between 5:00 p.m. to 8:00 p.m., though he sometimes began his shift even earlier, without being afforded an uninterrupted meal break. Accordingly, Defendants regularly required Plaintiff to work, and Plaintiff did in fact work, between forty-five to sixty-six hours during each workweek.

20. Throughout his employment, Defendants paid Plaintiff a fixed bi-weekly salary of $779.00 and $960.00 during different time periods of his employment, though Defendants occasionally paid Plaintiff at lower rates without explanation.

21. Throughout his employment, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate of pay for hours worked in excess of forty hours in violation of the FLSA and NYLL.

22. Moreover, Plaintiff's bi-weekly salary, when converted to an hourly regular rate of pay by operation of law, often results in an hourly rate of pay below the mandated minimum wage in violation of the NYLL.

23. Defendants required Plaintiff to successfully effectuate service of process upon at least ninety-three parties during every two-week pay period. Defendants did not credit failed attempts to serve parties towards this quota, which may occur when, *inter alia*, Defendants were provided with an incorrect address for service on a party or when the party is not present at the address during the time of attempted service. Because of this, Defendants often required Plaintiff to make numerous attempts before successfully effectuating service of process or before reporting to a client that service of process could not be completed. As a result, Defendants required Plaintiff to spend many hours attempting to serve parties which were not credited as part of his quota because he was unable to successfully effectuate service on such attempts.

24. Despite this, if Plaintiff failed to successfully effectuate service on at least ninety-three parties during a two-week pay period, Defendants deducted $11.00 from his wages earned for each service request less than his quota during each such period. These deductions were intended to benefit the Defendants.

25. For example, during the pay period from October 15, 2017 to October 28, 2017, Plaintiff failed to meet his required quota to effectuate service of process on ninety-three parties, having successfully served ninety-one parties. As a result, Defendants unlawfully deducted $11.00 for two service requests less than his quota, or a total of $22.00 for that pay period.

26. As a second example, during the pay period of January 7, 2018 through January 20, 2018, Plaintiff failed to meet his required quota to effectuate service of process on ninety-three parties, having successfully served sixty-nine parties. As a result, Defendants unlawfully deducted $11.00 for twenty-four service requests less than his quota, or $264.00 for that pay period.

27. Thus, throughout his employment, Defendants made numerous unlawful deductions to Plaintiff's wages earned in violation of NYLL § 193.

28. Defendants were required to pay Plaintiff, a manual worker, weekly and not later than seven calendar days after the end of the week in which the wages were earned. Throughout his employment, Defendants paid Plaintiff on a bi-weekly basis in violation of NYLL § 191.

29. Defendants failed to provide Plaintiff with a proper notice and acknowledgement of his wage rate upon hire as required by NYLL § 195(1).

30. Defendants failed to provide Plaintiff with accurate wage statements including, *inter alia*, his regular and overtime rates of pay, number of regular and overtime hours worked, or his correct net pay, during each pay period as required by NYLL § 195(3).

31. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to pay Plaintiff in accordance with his hours worked.

32. Defendants treated and paid Plaintiff and the putative class and collective action members in the same or similar manner.

33. Worse still, Defendants unlawfully retaliated against Plaintiff by terminating his employment after engaging in protected activity under the FLSA and NYLL. On or about July 24, 2018, Plaintiff complained that he believed he was improperly compensated under the law, including that he was not paid for his overtime hours worked and objected to Defendants' unlawful deductions. Later that same day, Defendants summarily terminated his employment as a direct result of his complaint regarding his wages.

## COLLECTIVE ACTION ALLEGATIONS

34. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

35. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

36. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a process server and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

37. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings his Second through Seventh claims on behalf of himself, individually, and a class of persons under CPLR 901 and 902 consisting of all persons who are currently, or have been, employed by the Defendants as process servers and/or in a similarly-situated position at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

39. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

40. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that

number rests are presently within the sole control of Defendants, upon information and belief, there are over forty (40) individuals who are currently, or have been, employed by the Defendants as process servers or in a similarly-situated position at any time during the six (6) years prior to the filing of this Complaint.

41. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

42. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation for hours worked in excess of forty hours in a single workweek;

(b) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members at their applicable minimum wage rates during each workweek;

(c) Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Class Members;

(d) Whether Defendants made unlawful deductions to Plaintiff's and Class Members' wages;

(e) Whether Defendants failed to pay Plaintiff and Class Members weekly and not later than seven calendar days after the end of the week in which the wages are earned;

(f) Whether Defendants failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

(g) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period;

(h) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay and at their applicable minimum wage rates was done willfully and/or with reckless disregard of the state wage and hour laws;

 (i) Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

 (j) Whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and Class Members;

 (k) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

 (l) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

43. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

44. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

45. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

46. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

47. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

48. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

49. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

50. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

51. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the

time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

52. Defendants' violations of the FLSA have been willful and intentional.

53. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

55. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

56. Defendants employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

57. By Defendants' failure to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

58. Defendants' violations of the New York Labor Law have been willful and intentional.

12

59. Due to Defendants' violations of the New York Labor Law, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### THIRD CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – MINIMUM WAGES)

60. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

61. Defendants employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, willfully failed to pay Plaintiff, Defendants employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the New York Labor Law and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

62. Defendants' violations of the New York Labor Law have been willful and intentional.

63. Due to Defendants' violations of the New York Labor Law, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### FOURTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 193)

64. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

65. New York Labor Law § 193 prohibits employers from taking any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

66. Defendants commonly made deductions to Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff's, wages, solely for the benefit of the Defendants, in violation of New York Labor Law § 193 and 12 NYCRR **§** 142-2.10.

67. Defendants' violations of the New York Labor Law have been willful and intentional.

68. Due to Defendants' violations of the New York Labor Law, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### FIFTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(1))

69. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

70. Defendants failed to provide Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon hire regarding, *inter alia*,

their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by New York Labor Law § 195(1).

71. Due to Defendants' failure to provide Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by New York Labor Law § 195(1), Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

### SIXTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(3))

72. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

73. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff, with accurate statements of their wages earned, including, *inter alia*, their regular and overtime rates of pay, number of regular and overtime hours worked, or correct net pay, each pay period as required by New York Labor Law § 195(3).

74. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by New York Labor Law § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## SEVENTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 191)

75. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

76. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, were manual workers as defined by the New York Labor Law.

77. Defendants were required to pay the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, on a weekly basis, and not later than seven calendar days after the end of the week in which the wages are earned.

78. Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, on a weekly basis, and not later than seven calendar days after the end of the week in which the wages are earned, and instead paid Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, on a bi-weekly basis in violation of New York Labor Law § 191.

79. Defendants' violations of the New York Labor Law have been willful and intentional.

80. Due to Defendants' violations of the New York Labor Law, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

## EIGHTH CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – RETALIATION)

81. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

16

82. Pursuant to FLSA § 215(a)(3), it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint ... under ... this chapter, or has testified or is about to testify in any such proceeding."

83. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

84. As also described above, after Plaintiff lodged a good faith complaint with Defendants about their failure to pay him proper wages, Defendants retaliated by terminating his employment.

85. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, including lost wages and employee benefits, for which he is entitled to an award of monetary damages and other relief.

86. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

87. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's anti-retaliation provision, and all other appropriate forms of relief, including attorneys' fees and costs of this action.

### NINTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – RETALIATION)

88. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

89. Pursuant to NYLL § 215, it is unlawful to "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee" who has engaged in protected activity under the statute.

90. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

91. As also described above, after Plaintiff lodged a good faith complaint with Defendants about their failure to pay him proper wages, Defendants retaliated by terminating his employment.

92. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, including lost wages and employee benefits, for which he is entitled to an award of monetary damages and other relief.

93. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

94. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation provision, and all other appropriate forms of relief, including attorneys' fees, costs of this action, and interest as permitted by law.

95. At or before the filing of this Complaint, Plaintiff has served notice of the action upon the Office of the New York State Attorney General.

## **DEMAND FOR A JURY TRIAL**

96.     Plaintiff, Class Members, and FLSA Collective Action Plaintiffs demand a trial by jury on all causes of action in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Class Action Plaintiffs, and FLSA Collective Action Plaintiffs pray for the following relief:

i.    Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Action Plaintiffs and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.   Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii.  Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iv.   Awarding unpaid wages pursuant to New York Labor Law and the supporting New York State Department of Labor Regulations, plus liquidated damages;

v.    Awarding damages for violation of New York Labor Law § 193, plus liquidated damages;

vi.   Awarding damages pursuant to New York Labor Law § 195(1), (3);

vii.  Awarding damages for violation of New York Labor Law § 191;

viii. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

ix. Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

x. Awarding pre- and post-judgment interest as permitted by law;

xi. Awarding attorneys' fees and costs incurred in prosecuting this action; and

xii. Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       November 16, 2018

                         LAW OFFICE OF PETER A. ROMERO PLLC
                         *Attorneys for Plaintiff*
                         825 Veterans Highway
                         Hauppauge, New York 11788
                         Tel.: (631) 257-5588

By: _____
      DAVID D. BARNHORN, ESQ.
      PETER A. ROMERO, ESQ.