UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HECTOR RUIZ, on behalf of himself,
individually, and all similarly situated
employees,

                    Plaintiff,

      -against-

NATIONWIDE COURT SERVICES, INC.,
and ARLENE NELSON, individually,

                  Defendants.
-------------------------------------------------------X
LEVY, United States Magistrate Judge:

MEMORANDUM
AND ORDER

18 CV 6559 (LDH)(RML)

        Plaintiff Hector Ruiz ("plaintiff") moves for conditional certification of a

collective action under 29 U.S.C. § 216(b).  For the reasons stated below, the motion is granted.

        Plaintiff filed this case on November 16, 2018, asserting claims against

defendants Nationwide Court Services, Inc. and Arlene Nelson ("defendants") under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the New York Labor Law ("NYLL")

for unpaid overtime compensation and minimum wages, failure to furnish accurate wage

statements and wage notices, failure to issue timely payment of wages, unlawful deductions to

plaintiff's earned wages, and retaliation.  (See Complaint, dated Nov. 16, 2018 ("Compl."), Dkt.

No. 1.)

        Defendants' process server business operates in numerous locations in New York

City, Long Island and Westchester.  (Defendants' Memorandum of Law in Opposition to

Plaintiff's Motion to Preliminarily Certify a Collective Action Pursuant to 29 U.S.C. § 216(b),

dated Jan. 18, 2021 ("Defs.' Mem."), Dkt. No. 40, at 2.)  Defendants employed plaintiff as a

courier from February 2017 to April 30, 2017 and as a process server from May 1, 2017 to July

24, 2018. (Id. at 7; Plaintiff's Memorandum of Law in Support of Motion for Conditional

Certification of Collective Action Pursuant to 29 U.S.C. § 216(b), dated Dec. 4, 2020 ("Pl.'s

Mem."), Dkt. No. 34-1, at 2.)  It is undisputed that defendants paid plaintiff and other process

servers on a "piece rate basis" for every service of process assignment completed.  (Defs.' Mem.

at 9-10; Pl.'s Mem. at 5.)  Under defendants' "quota system," all employees were required to

complete ninety-three serves in a two-week pay period.  (Defs.' Mem. at 4-5; Pl.'s Mem. at 6.)

Plaintiff moves for an order: (1) conditionally certifying the proposed collective

action pursuant to § 216(b); (2) compelling defendants to furnish the names, last known physical

addresses, email addresses, telephone numbers, cellular phone numbers, and dates of

employment for those individuals similarly situated to plaintiff; (3) authorizing plaintiff to

circulate a Court Authorized Notice of Lawsuit and Consent to Join form in English and Spanish

by regular mail, email and text message to all similarly situated individuals; (4) authorizing

plaintiff to circulate a reminder notice in English and Spanish by regular mail, email and text

message to all individuals similarly situated to Plaintiff; (5) directing that the proposed Court

Authorized Notice of Lawsuit and Consent to Join form be posted in English and Spanish in a

conspicuous place at the work locations for the duration of the opt-in notice period; (6) directing

that the opt-in notice period remain open for sixty days; and (7) tolling the statute of limitations

of potential opt-in plaintiffs' claims from the date of filing of this motion until such time that

plaintiff is able to send notice to all similarly situated individuals.  (Pl.'s Mem. at 1;  Declaration

of David D. Barnhorn, Esq., dated Dec. 4, 2020, Dkt. No. 34-2, ¶ 2.)

At this initial stage, the court must make a determination limited strictly to

whether the named plaintiff is "similarly situated" to the potential members of the FLSA

collective.  Meyers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010); see also Cunningham v.

Elec. Data Systems Corp., No. 06 CV 3530, 2010 WL 5076703 at *4 (S.D.N.Y. 2010) (citing

Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). To do so, the

named plaintiff need only make a "modest factual showing" that he and potential opt-in plaintiffs

"together were victims of a common policy or plan that violated the law." Myers, 624 F.3d at

555; see also Fonseca v. Dircksen & Talleyrand Inc., No. 13 CV 5124, 2014 WL 1487279, at *1

(S.D.N.Y. Apr. 11, 2014) (same); Schear v. Food Scope Am., Inc., 297 F.R.D. 114, 121

(S.D.N.Y. 2014) (same).  Then, the court should facilitate notice of the action to the potential

members of the collective.  For this reason, the initial phase is often called the "notice stage."

Myers, 624 F.3d at 55; see also Spicer v. Pier Sixty LLC, 269 F.R.D. 321, 336 (S.D.N.Y. 2010).

        "The burden for demonstrating that potential plaintiffs are 'similarly situated' is

very low at the notice stage." Lynch, 491 F. Supp. 2d at 368; see also Morales v. Plantworks,

Inc., No. 05 CV 2349, 2006 WL 278154 at *2 (S.D.N.Y. 2006) ("The first stage, conditional

certification, requires only a 'modest factual showing' based on the 'pleadings and affidavits'

that the putative class members were 'victims of a common policy or plan that violated the

law.'"); Cunningham, 2010 WL 5076703 at *5 ("At this first step, the court uses a 'relatively

lenient evidentiary standard to determine whether a collective action is appropriate.'") (quoting

Mentor v. Imperial Parking Sys., Inc., 246 F.R.D. 178, 181 (S.D.N.Y. 2007)).  Plaintiff merely

needs to provide "some factual basis from which the court can determine if similarly situated

potential plaintiffs exist." Jackson v. New York Tel. Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995);

see also Hallissey v. Am. Online, Inc., No. 99 CV 3785, 2008 WL 465112, at *1 (S.D.N.Y.

2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits,

declarations, or the affidavits and declarations of other potential class members."); Qing Tian

Zhuo v. Jia Xing 39th Inc., No. 14 CV 2848, 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015)

(finding single plaintiff affidavit sufficient to conditionally certify a collective of four restaurants).  Prospective members of the collective need not be identically situated to the named plaintiff or to each other.  Benavides v. Serenity Spa NY, Inc., 166 F. Supp. 3d 474, 483 (S.D.N.Y. 2016) ("The fact that the employees held different positions does not prevent conditional collective action certification because courts in this Circuit routinely find employees similarly situated despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice.") (internal quotation marks and citation omitted); Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (holding that the plaintiffs do not have to perform the same job in the same location as long as there is a discriminatory policy common to all).

At this point in the litigation, the court may not consider defendants' factual denial of plaintiff's allegations.  It is well settled that "[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."  Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (citation omitted; alteration added); accord Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 158 (S.D.N.Y. 2014); Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 456 (E.D.N.Y. 2014).

Thus, the only question is whether plaintiff has made a "'modest factual showing' that he and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  Vargas v. HSBC Bank USA, N.A., No. 11 CV 7887, 2012 WL 10235792, at *3 (S.D.N.Y. Aug. 9, 2012).  While this showing "cannot be satisfied simply by 'unsupported assertions,'" it "should remain a low standard of proof because the purpose of the first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist."  Id. (citation

4

omitted); see also Vecchio v. Quest Diagnostics Inc., No. 16 CV 05165, 2018 WL 2021615, at

*3 (S.D.N.Y. Apr. 30, 2018) ("'Because minimal evidence is available'" at this early stage of the

proceedings, and because the court "'retain[s] the ability to reevaluate whether the plaintiffs are

similarly situated,'" the plaintiff faces a "'relatively lenient evidentiary standard.'") (quoting

Cunningham, 754 F. Supp. 2d at 644; Mentor v. Imperial Parking Sys., Inc., 246 F.R.D. 178, 181

(S.D.N.Y. 2007)); Lynch, 491 F. Supp. 2d at 368 (describing plaintiffs' burden as "very low"

and "minimal").

　　　　　To meet this low burden, "[t]he plaintiff may adduce evidence through [his] own

pleadings, affidavits, and declarations, including any hearsay statements contained therein."

Morris v. Lettire Constr. Corp., 896 F. Supp. 2d 265, 269 (S.D.N.Y. 2012) (citation omitted).

Indeed, "courts in this circuit have routinely granted conditional collective certification based

solely on the personal observations of one plaintiff's affidavit."  Hernandez v. Bare Burger Dio

Inc., No. 12 CV 7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases).

See also Diaz v. New York Paving Inc., 340 F. Supp. 3d 372, 383 (S.D.N.Y. 2018) ("Because

[the plaintiffs'] affidavits corroborate each other and plausibly describe a common illegal policy,

we accept as true plaintiffs' allegations for purposes of deciding this motion."); Alcantara-Flores

v. Vlad Restoration Ltd, No. 16 CV 3847, 2017 WL 455413, at *2 (E.D.N.Y. Feb. 2, 2017),

aff'd, 2017 WL 1655187 (E.D.N.Y. May 2, 2017) (granting conditional certification where two

plaintiffs submitted affidavits stating that defendants failed to pay them overtime premium wages

for hours worked in excess of forty per work-week, and the plaintiffs asserted that they had

personal knowledge of other employees—not named in the lawsuit—who were subject to the

same unlawful practices); Guo Qing Wang v. H.B. Rest. Grp., Inc., No. 14 CV 813, 2014 WL

5055813, at *4 (S.D.N.Y. Oct. 7, 2014) (certifying a collective action based on the plaintiff's

"observations and . . . conversations with his coworkers").

Defendants object to conditional certification, arguing that "[p]laintiff fails to

meet his burden showing that there was a violation of the FLSA." (Defs.' Mem. at 1.) However,

they agree with plaintiff as to the policy for paying process servers. According to defendants:

> Licensed process servers are paid by the piece. Those who are
> "employees" of NCS are provided a base salary that is tied to 93
> serves. For the first 93 serves in that pay period, they get their base
> salary. Once they achieve more than 93 serves, they receive a
> second "bonus" check paying for those. If they fail to achieve the
> 93, however, like a "draw" on a [sic] sales commissions, they have
> each of those serves deducted from the base salary. Most NCS
> process servers serve about 400 papers per pay period. There are
> also those who average 700 or 500 per month.

> The "93" is not met only by successfully executing 93 individual
> serves. Much of NCS' business consists of "bulk serves" which is
> the service of multiple sets of papers at a single location- for which
> these "93" servers get credit for each piece though it is only one
> stop. Servers also get paid for each piece of paper at the same
> address; for example, a foreclosure is a least 3 pieces at one
> location. If a client provides the wrong address, the server gets
> paid. If the server makes the required number of attempts (3), but
> are [sic] still unsuccessful, they get paid for it, if the server
> properly records the GPS coordinates which prove that they were
> there the right number of times.

(Id. at 4 (citations omitted)).

Defendants devote much of their opposition to describing plaintiff as unreliable

and insubordinate, and they seek to hold him responsible for failing to meet his quota of serves.

(E.g., id. at 8-9, 15.) However, as explained, the court does not consider or weigh factual

disputes or make credibility determinations at this stage. I have therefore disregarded those

allegations on this motion.

A case directly on point is Salomon v. Adderley Indus., Inc., 847 F. Supp. 2d 561,

563 (S.D.N.Y. 2012), in which the plaintiffs were field technicians who installed and repaired

6

cable, and were paid a fixed amount per job completed, rather than a salary or hourly rate.  The court granted plaintiffs' motion for conditional certification, finding that the plaintiffs "made a modest factual showing that all the putative plaintiffs held the same position, performed the same duties, were subject to the same piece-work-based compensation scheme and were not paid overtime." Id. at 564-65.

Likewise, in this case, plaintiff has met his minimal burden of showing that process servers were similarly situated with respect to their job requirements and pay provisions and were subject to a common policy or scheme.  In fact, defendants have admitted as much.  Therefore, plaintiff's motion is granted.

With respect to the details, plaintiff concedes that the required notices need only be in English and not Spanish.  Additionally, as discussed at the conference on March 4, 2021, the issue of equitable tolling will be decided individually for any opt-in plaintiffs.  Otherwise, plaintiff's requests are granted.

SO ORDERED.

_____/s/_____

ROBERT M. LEVY
United States Magistrate Judge

Dated:  Brooklyn, New York
       March 23, 2021

7